# DISTRICT COURT OF THE VIRGIN ISLANDS
# DIVISION OF ST. CROIX

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>v. )<br>)<br>TROY NISBETT, )<br>)<br>Defendant. )<br>) | Criminal Action No. 2017-0021 |

**Attorneys:**
**Rhonda Williams-Henry, Esq.,**
St. Croix, U.S.V.I.
*For the United States*

**Ronald E. Russell, Esq.,**
St. Croix, U.S.V.I.
*For Defendant*

## MEMORANDUM OPINION

**Lewis, District Judge**

THIS MATTER comes before the Court on Defendant Troy Nisbett's ("Defendant") "Motion for Reduction of Fine" ("Motion for Reduction") (Dkt. No. 46) and the Government's Opposition thereto (Dkt. No. 49). For the reasons that follow, the Court will deny Defendant's Motion for Reduction.

## I.  BACKGROUND

On May 1, 2017, Defendant pleaded guilty to Possession of Cocaine with Intent to Distribute, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B)(ii). (Dkt. No. 5). The Guideline range was ultimately calculated to be 15 to 21 months with a fine range of $2,000 to $20,000. On September 27, 2018, the Court sentenced Defendant to 15 months imprisonment and 8 years supervised release, and ordered him to pay a $100 special assessment immediately and a $5,000 fine "no later than at the conclusion of Defendant's period of supervised release." (Dkt. No. 42).

In his Motion for Reduction (Dkt. No. 46), Defendant requests that the Court modify his sentence by reducing the fine pursuant to U.S.S.G. § 5E1.2(a). Defendant claims that he is "unable to pay the fine," and is "not likely to become able to pay." *Id*. at 1, 3. The Government opposes the Motion for Reduction, arguing that Defendant has no avenue for relief. (Dkt. No. 49).

## II. DISCUSSION

U.S.S.G. § 5E1.2(a) provides that "[t]he court shall impose a fine in all cases, except where the defendant establishes that he is unable to pay and is not likely to become able to pay any fine." Based on the text of U.S.S.G. § 5E1.2, the Third Circuit has determined that it is the defendant who "has the burden of coming forward [at sentencing] with evidence from which the Court could find it more likely than not that any fine would remain unpaid." *United States v. Kadonsky*, 242 F.3d 516, 520 (3d Cir. 2001). Defendant did not present any such evidence, nor did he object to the Court's imposition of the fine at sentencing. Further, Defendant did not challenge his sentence on appeal—nor could he, given that in his Plea Agreement, he knowingly waived "his right to appeal any sentence within the maximum provided in the statute(s) of conviction or the manner in which the sentence was determined . . . ." (Dkt. No. 5 at 6). Thus, Defendant's sentence is final. *See United States v. Frady*, 456 U.S. 152, 164-65 (1982) ("Once the defendant's chance to appeal has been waived or exhausted[,] we are entitled to presume he stands fairly and finally convicted[.]").[1]

---

[1] Defendant now argues that, at sentencing, the Court "failed to make a determination as to [D]efendant's present and future ability to pay." (Dkt. No. 46 at 2). This is an improper application of U.S.S.G. § 5E1.2 given Defendant's failure to come forward with any evidence of his inability to pay and the unlikelihood that he will become able to pay. Moreover, as discussed above, the finality of the Court's sentence prevents Defendant from making such an argument at this time.

The Court now turns to the issue of whether it has authority to reduce Defendant's $5,000 fine. A panel of the Third Circuit affirmed a district court's denial of a similar motion due to lack of jurisdiction, finding that "[u]nder 18 U.S.C. § 3573, only the government may petition for modification or remission of a fine upon a showing that reasonable efforts to collect a fine or assessment are not likely to be effective." *United States v. Hayes*, 352 F. App'x 662, 663 (3d Cir. 2009) (citing *United States v. Seale*, 20 F.3d 1279, 1286 n.8 (3d Cir. 1994)). Indeed, 18 U.S.C. § 3573 provides Defendant with no opportunity to seek an adjustment of his fine. *United States v. Kadonsky*, 242 F.3d 516, 520 (3d Cir. 2001) (explaining that previously, 18 U.S.C. § 3573 "permitted a defendant to petition the court to remit or modify a fine upon demonstrating that he or she made a good faith effort to comply and that changed circumstances had rendered the fine unwarranted," but that under "the present statutory scheme, this right no longer exists.") (quoting *Seale*, 20 F.3d at 1286 n.8) (internal quotation marks omitted).[2]

Here, the Government has not filed a motion under 18 U.S.C. § 3573 and in fact opposes Defendant's Motion for Reduction. (Dkt. No. 49). Accordingly, the Court finds that it lacks jurisdiction to grant the relief that Defendant seeks. *Hayes*, 352 F. App'x at 663.

Under some circumstances, the Court could adjust Defendant's *payment schedule* pursuant to 18 U.S.C. § 3572(d). However, the Court finds that there is nothing in Defendant's Motion for Reduction that suggests that there is a basis for making any adjustment. *Id*. Indeed, the Court ordered that Defendant's payments must be completed no later than at the conclusion of his period

---

[2] The Court notes that Defendant cites to *United States v. Robinson*, 20 F.3d 1030 (9th Cir. 1994) for the proposition that "the Court may reduce the fine if it finds that the fine would unduly burden the defendant's dependents." (Dkt. No. 46 at 1). However, unlike here, in *Robinson* the Ninth Circuit was addressing an *appeal* of the defendants' sentences. *Robinson*, 20 F.3d at 1032.

of supervised release. (Dkt. No. 42). Defendant is on supervised release until July 18, 2027—another six years—which the Court finds is sufficient time for Defendant to pay his $5,000 fine.

For the reasons discussed above, the Court will deny Defendant's Motion for Reduction.

An appropriate Order accompanies this Memorandum Opinion.

Date: July 8, 2021

_____/s/_____
WILMA A. LEWIS
District Judge