## DISTRICT COURT OF THE VIRGIN ISLANDS
## DIVISION OF ST. CROIX

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Criminal Action No. 2017-0021 |
| ) | |
| TROY NISBETT, ) | |
| ) | |
| Defendant. ) | |
| ) | |

**Attorneys:**
**Rhonda Williams-Henry, Esq.**
St. Croix, U.S.V.I.
*For the United States*

**Ronald E. Russell, Esq.**
St. Croix, U.S.V.I.
*For the Defendant*

## MEMORANDUM OPINION AND ORDER

**Lewis, Senior District Judge**

THIS MATTER comes before the Court on Defendant Troy Nisbett's ("Defendant") "Motion for Ruling and Obje[]ction to Magistrate's October 23,[ ]2020" (Dkt. No. 62); "Motion to Allow Filing of CJA Voucher Out of Time" (Dkt. No 63); and "Motion for Renewed Request for Payment of CJA Voucher" (Dkt. No. 65). In all three motions, Defendant requests that the Court approve an out-of-time payment to Defendant's counsel Ronald Russell for representation for services rendered in connection with Defendant's filing of a Motion for Reduction of Sentence. (Dkt. No. 62 at 2, 63 at 2, 65 at 1-2). Defendant further represents that he attached a "detailed invoice" and a "Draft CJA 20 Worksheet" related to these requests for the Court's consideration. (Dkt. No. 66). However, the Court notes that Defendant's "Notice of Production" (Dkt. No. 66) contains no exhibits attached.

Defendant previously filed a "Motion to Allow Filing of CJA Voucher Out of Time" (Dkt. No. 55) requesting the same relief. Magistrate Judge George W. Cannon Jr. denied this prior motion in an Order stating:

> Said counsel seeks to file a final voucher for work claimed from August 4, 2017, through June 1, 2020. A review of the record discloses that the above-captioned matter concluded when Judgment (ECF No. 42) was entered on October 2, 2018.
>
> Counsel claims that he waited to file his final voucher in order to include time spent relating to Defendant's Motion to Reduce Sentence (ECF No. 46), which was filed on August 6, 2019. However, nothing in the record indicates that counsel's CJA appointment extends beyond the time that judgment was entered.
>
> Even if, *assuming arguendo*, counsel's CJA authorization included time beyond judgment and sentencing, counsel gives no basis for waiting over a year past the filing of the said motion to seek additional time to file his final voucher. Counsel cites the COVID-19 pandemic for his delay, but the pandemic did not impact counsel's office until March 2020. Counsel gives no reason why he could not have moved to file his voucher during the seven months prior to the March 2020 closing of his office due to the pandemic.
>
> Based upon the foregoing, the Court finds that counsel has failed to establish good cause to file his CJA voucher over two years out of time and will deny the motion.

(Dkt. No. 56 at 1-2). Defendant filed an Objection to Magistrate Judge Cannon's Order on the basis that: (1) Defendant's counsel "wanted to file a [timely] final voucher but because of continued interaction with Troy Nesbitt, it could not be done" and (2) "the magistrate incorrectly states that the CJA appointment does not extend beyond the judgement entered." (Dkt. No. 57 at 1).

Magistrate Judge Cannon appointed Ronald Russell, Esq., as counsel to represent Troy Nisbett under the Criminal Justice Act ("CJA") on the charge of possession of cocaine with intent to distribute. (Dkt. No. 9). Attorney Russell was not, however, appointed to represent Defendant in his post-conviction bid for reduction of sentence. The Defense correctly notes that a defendant "for whom counsel is appointed shall be represented at every stage of the proceedings from his initial appearance . . . through appeal, including ancillary matters appropriate to the proceedings." 18 U.S.C. § 3006A(c). Ancillary matters are defined under the CJA guidelines to include

2

representation "reasonably necessary" to, *inter alia*, (1) "protect a Constitutional right"; (2) "contribute in some significant way to the defense of the principal criminal charge"; (3) "aid in preparation for the trial or disposition of the principal criminal charge"; or (4) "enforce the terms of a plea agreement in the principal criminal charge." Guidelines for Administering the CJA and Related Statutes, § 210.20.30 "Ancillary Matters."

A motion to reduce sentence is not an appeal,[1] nor have courts deemed such a filing an "ancillary matter[] appropriate to the proceedings." *United States v. Reddick*, 53 F.3d 462, 464 (2d Cir. 1995) ("'ancillary matters' refers to those involved 'in defending the principal criminal charge' and not to post-conviction proceedings"); *United States v. Sanchez*, 2025 WL 831054 at *3 (S.D.N.Y. Mar. 17, 2025) ("the reference to ancillary matters in § 3006A does not require the appointment of counsel in post-appeal motions for reduction of sentence . . ."); *Said v. United States*, 2020 WL 6829850 at *4 (E.D. Va. Nov. 20, 2020) ( "ancillary matters are those claims brought *through appeal* which the Court determines are sufficiently related to the principal criminal charge(s)"). Indeed, the Supreme Court has stated that there is "no federal constitutional right to counsel when pursuing a discretionary appeal on direct review of [a defendant's] conviction" and reached this "same conclusion" with regard to post-conviction review because "[p]ostconviction relief is even further removed from the criminal trial than is discretionary direct review. It is not part of the criminal proceeding itself, and it is in fact considered to be civil in nature." *Pennsylvania v. Finley*, 481 U.S. 551, 555-57 (1987); *see also Said*, 2020 WL 6829850 at *4 ("[F]ederal courts have consistently ruled that an incarcerated defendant has no constitutional right to counsel with respect to statutory postconviction motions seeking a reduction in sentence[.]") (citing cases).

---

[1] The Court notes that the Supreme Court has held that "the right to appointed counsel extends to the first appeal of right, and no further." *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987).

Finally, the decision whether to appoint counsel for a motion to reduce sentence "rest[s] in the discretion of the district court." *Reddick*, 53 F.3d at 464; *see also United States v. Botsvynyuk*, 2024 WL 4824557 at *1 (3d Cir. Nov. 19, 2024) ("Under these circumstances, the District Court did not abuse its discretion in denying [defendant's] motion for appointment of counsel [to assist with a motion for reduction in sentence]." (citation omitted)); *United States v. Fleming*, 5 F.4th 189, 193 (2d Cir. 2021) ("[E]very federal court of appeals to address the issue has agreed that there is no constitutional (or statutory) right to appointed counsel in [18 U.S.C.] § 3582(c) [modification of an imposed term of imprisonment] proceedings."). Defendant did not file a motion for counsel to be appointed, and this Court did not appoint counsel for this purpose.

In view of the foregoing, the Court will not approve this CJA Voucher for services allegedly rendered when counsel was not appointed to represent Defendant for such services.

**UPON CONSIDERATION** of the foregoing, it is hereby

**ORDERED** that Defendant Troy Nisbett's "Motion for Ruling and Obje[]ction to Magistrate's October 23,[ ]2020" (Dkt. No. 62) is **DENIED**; and it is further

**ORDERED** that Defendant Troy Nisbett's "Motion to Allow Filing of CJA Voucher Out of Time" (Dkt. No 63) is **DENIED**; and it is further

**ORDERED** that Defendant Troy Nisbett's "Motion for Renewed Request for Payment of CJA Voucher" (Dkt. No. 65) is **DENIED**.

**SO ORDERED.**

Date: August 8, 2025                              _____/s/_____
                                                  WILMA A. LEWIS
                                                  Senior District Judge